UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEENAN FISHER,

        Plaintiff,

  -v-

INVESTIGATOR CHRISTOPHER
BONHAM, RICHARD CANINO,
JUSTIN PRUSAK, MICHAEL S.
TURTON, in their individual capacities,

        Defendants.
_____

DECISION and ORDER

22-CV-6440-CJS

## INTRODUCTION

*Pro se* Plaintiff, Keenan Fisher ("Plaintiff"), filed this action alleging that Defendants violated his federal constitutional rights.  The Court recently revoked Plaintiff's *in forma pauperis* ("IFP") status and directed him to pay the filing fee.  Plaintiff paid the filing fee.  However, there are unresolved applications before the Court.  Additionally, Plaintiff recently obtained issuance of summonses from the Clerk for twenty persons, most of whom are not proper defendants in this action.  For the reasons discussed below, the action is held in abeyance until the Court can rule upon issues that Plaintiff raised in submissions filed on March 15, 2023.  Additionally, Plaintiff is ordered not to serve the summonses on anyone except defendants Bonham, Canino, Prusak and Turton, without a further order from this Court.

## BACKGROUND

The reader is presumed to be familiar with the prior proceedings and rulings in this action. Briefly, on October 14, 2022, Plaintiff commenced this action proceeding *pro se*, and requested permission to proceed *in forma pauperis*.  The Complaint purported to sue the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and various employees of that agency.  In support of the

1

application to proceed *in forma pauperis*, Plaintiff filed a supporting affidavit, sworn under penalty of perjury, dated October 12, 2022. The affidavit indicated that Plaintiff had monthly income of $700, and approximately $200 in savings. Plaintiff stated that he had monthly expenses of $1,420, more than double his alleged monthly income. Plaintiff affirmatively stated, however, that he received no gifts or financial support from "friends, relatives, or other sources." *Id*. Plaintiff further stated that he was supporting his girlfriend, Theresa Krenzer ("Krenzer"), who had no assets and could not work because she was scared to leave the house. *See*, ECF No. 2 ("She is now often to[o] scared to leave the house and I'm supporting her.").

On December 20, 2022, the Court issued a Decision and Order (ECF No. 4) that "assumed" Plaintiff was indigent, granted the application to proceed *in forma pauperis,* and screened the Complaint pursuant to 28 U.S.C. § 1915. After screening the Complaint, the Court pointed out that Plaintiff, as a non-attorney *pro se* litigant, could not bring claims on behalf of anyone but himself, and dismissed the claims brought on behalf of Stea Rosie LLC and Krenzer, including any claims related to the revocation of Stea Rosie's Federal Firearms License ("FFL"). The Court further dismissed a "Mandalorian religion" claim as failing to state a claim; dismissed claims seeking money damages against the ATF and ATF employees in their official capacities as barred by Sovereign Immunity; and permitted Plaintiff to re-plead his *Bivens* claims against the individual ATF defendants. The concluding paragraph of the Decision and Order stated:

> For the reasons discussed above Stea Rosie LLC is dismissed from this action, and any claims brought on behalf of Stea Rosie or Krenzer are dismissed. Any claim relating to the revocation of Stea Rosie's firearms license is dismissed without prejudice. The Clerk of the Court is directed to terminate Stea Rosie as a party. Fisher's Motion to Proceed In Forma Pauperis (ECF No. 2) is granted. The claims against ATF and the individual defendants in their official capacities are dismissed as barred by sovereign immunity. **The action will be dismissed unless, within thirty (30) days of the date of this Decision and Order, Fisher**

**files an amended complaint, signed in accordance with Rule 11, setting forth actionable claims as discussed in this Decision and Order.**

ECF No. 4 at p. 9 (emphasis in original).

On January 20, 2023, Plaintiff filed several documents, including a Proposed Amended Complaint ("PAC"). On February 17, 2023, the Court issued a Decision and Order (ECF No. 8) which first explained that the PAC did not comply with either Rule 8 of the Federal Rules of Civil Procedure or the Court's prior Decision and Order. The Court determined, however, that Plaintiff was unlikely to comply with any direction to amend the document.

Consequently, the Court went on, in a 38-page decision, to consider the claims in the PAC in painstaking detail. The Court ultimately dismissed all but one claim: A Section 1983 claim that defendants Bonham, Canino, Prusak, and Turton violated Plaintiff's Fourth Amendment rights by seizing property outside the scope of a search warrant.

The Court observed, however, that the PAC included information that Plaintiff had paid a $25,000 retainer to his criminal defense attorney, which suggested that he was not actually indigent for purposes of proceeding *in forma pauperis*.[1] The Court therefore ordered Plaintiff to either pay the filing fee or submit a new financial affidavit.

---

[1] *See, id.* ("The Court granted Fisher permission to proceed *in forma pauperis* based on the allegations of poverty contained in his supporting affidavit. However, the [Proposed Amended Complaint] PAC refers to Fisher having personally paid a $25,000 retainer to an attorney in his pending criminal action. *See*, PAC at p. 143 (Demanding recovery of "reasonable fees," including "the $25,000.00 retainer paid by Fisher."). This suggests that Fisher's financial affidavit is either incorrect or that he receives support from someone else. The *in forma pauperis* statute states that "the court shall dismiss the case at any time if the court determines that – the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Moreover, when considering whether a litigant qualifies to proceed in forma pauperis, courts consider the financial resources available to the litigant[.] . . . Accordingly, before allowing Fisher's Fourth Amendment claim to proceed without the payment of the required filing fee, the Court will require Fisher to submit a supplemental financial affidavit (using the "Motion to Proceed In Forma Pauperis and Supporting Affirmation" available on the Court's website), including an explanation of the source of the retainer paid in his criminal action, and listing any support that he receives from any person or entity. (See, Supporting Affirmation, question no. 2, subparagraphs d and g, including funds from "*any other source*") (emphasis added).").

Upon receiving this Decision and Order, Plaintiff chose not to simply provide the supplemental financial affidavit as directed by the Court. Instead, Plaintiff also filed various other documents. Specifically, on March 15, 2023, Plaintiff filed the following: 1) a 28-page document entitled "Introduction and Prayer for Understanding," ECF No. 9; 2) a "thumb drive" purporting to contain additional exhibits, ECF No. 10; 3) a document consisting of 7 pages of additional exhibits, ECF No. 12; and 4) a "Motion to Proceed In Forma Pauperis and Supporting Affirmation," ECF No. 11.

The document entitled "Introduction and Prayer for Understanding" is essentially a combination of a motion for reconsideration and further proposed Amended Complaint.[2] In that regard, the document appears to seek, *inter alia*, reconsideration of the dismissal of First Amendment claims and claims relating to the revocation of Stea Rosie's FFL. The document also indicates that Plaintiff has been exonerated of criminal charges in Ontario County.[3]

Concerning Plaintiff's financial condition, the newly submitted financial statement (ECF No. 11) was both unsigned and internally inconsistent.

On October 19, 2023, the Court issued an Order (ECF No. 13) revoking Plaintiff's IFP status and directing him to pay the filing fee within thirty days. On November 16, 2023, Plaintiff filed the filing fee.

On November 29, 2023, Plaintiff went to the Office of the Clerk of the Court and demanded the issuance of summonses for twenty separate plaintiffs, even though there are currently only four Plaintiffs remaining in this action. That docket clerk with whom Plaintiff dealt

---

[2] Two of the other documents Plaintiff filed, ECF Nos. 10 and 12, appear to be supporting exhibits to the "Introduction and Prayer for Understanding."
[3] The Court previously dismissed Plaintiff's malicious prosecution claim as premature since those criminal charges were still pending.

was evidently unfamiliar with the action and issued summonses for sixteen persons who are not parties to this action at present.[4]

## DISCUSSION

Plaintiff has now paid the filing fee, and it is the Court's intention to consider the documents that he filed on March 15, 2023, insofar as they may be liberally construed as a motion to amend or for reconsideration of the Court's Decision and Order issued on February 17, 2023 (ECF No. 8).  The Court will issue a decision in that regard at its earliest opportunity.

In the meantime, the Court has dismissed all but four plaintiffs from this action, leaving only Bonham, Canino, Prusak, and Turton.  The Court's Decision and Order issued on February 17, 2023, is very clear in stating that only those four defendants are left in the action.  Consequently, the Court has no doubt that Plaintiff knew full well that he had no legitimate basis to demand that the Clerk issue summonses for *twenty* individuals, sixteen of whom are not legitimate defendants in this action.  The fact that Plaintiff paid the filing fee, or that he succeeded in obtaining the issuance of the summonses, does not alter the Court's prior rulings in this action, and the summonses that he obtained for the sixteen non-defendants have no legal effect.

The Court suspects that Plaintiff's wrongful procurement of the summonses in this manner may be related to his erroneous belief, which he previously expressed to the Court's staff, that the Court is attempting to shield the defendants from liability by delaying the action, so as to let the statute of limitations run out.  However, the Court already explained why Plaintiff's belief about such a delay is incorrect. *See*, ECF No. 13 at p. 8.  Moreover, any such belief

---

[4] The Clerk of the Court is arguably required to issue summonses that appear to be properly presented. *See*, Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.").  But a plaintiff does not thereby obtain any right to relief against the persons named in the summonses, particularly where the Court has already dismissed the claims against such persons.

concerning the statute of limitations would also be incorrect, since compliance with the statute of limitations is determined based on the filing date of the action and not upon the date of service of the summonses. *See, e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) ("Claims under § 1983 are governed by a three-year statute of limitations in New York. Hence, a plaintiff asserting a claim of discrimination under § 1983 must file suit within three years[.]") (citations omitted).[5]

In any event, Plaintiff is hereby ordered not to serve summonses on anyone except Bonham, Canino, Prusak and Turton, without further order of the Court. Again, the Court intends to consider whether, based on Plaintiff's submissions on March 15, 2023, his claims may proceed against other defendants besides Bonham, Canino, Prusak and Turton. Upon resolution of that issue the Court will issue a further order. In the meantime, the Court will hold the action in abeyance.

CONCLUSION

For the reasons discussed above, the action is held in abeyance pending the Court's review of the materials Plaintiff filed on March 15, 2023, insofar as they may be construed as either a motion to amend or a motion for reconsideration. Plaintiff is hereby ordered not to serve summonses on anyone except Bonham, Canino, Prusak and Turton, without further order of the Court. Along with any summonses served on Bonham, Canino, Prusak and Turton, Plaintiff shall serve a copy of the Amended Complaint (ECF No. 7) and a copy of the Court's Decision and Order filed on February 17, 2023 (ECF No. 8). Plaintiff is cautioned that if he attempts to serve anyone besides Bonham, Canino, Prusak and Turton, without further order of the Court, the

---

[5] Due to the circumstances set forth herein, which establish good cause, the Court on its own motion extends the period for service set forth in Fed. R. Civ. P. 4(m).

Court will not hesitate to hold him liable for any costs and reasonable attorney fees thereby incurred by the persons improperly served.

SO ORDERED.

_____
CHARLES J. SIRAGUSA
United States District Judge

DATED:	December 1, 2023
	Rochester, NY