UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEENAN FISHER,

                              Plaintiff,

-vs-                                                            22-CV-6440

BONHAM, et. al

                              Defendants.
_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

January 2, 2024                            **LETITIA JAMES**
                                              Attorney General of the State of New York
                                              Attorney for Defendants

                                              s/Michele Romance Crain
                                            **MICHELE ROMANCE CRAIN**
                                            Assistant Attorney General of Counsel
                                            NYS Office of the Attorney General
                                            144 Exchange Boulevard, Suite 200
                                            Rochester, New York 14614
                                            Telephone:(585) 546-7430
                                            Michele.Crain@ag.ny.gov

To:    Keenan Fisher
        424 E. Main St Apt #3R
        Palmyra NY 14522

**TABLE OF CONTENTS**

Table of Authorities…………………………………………………………………………..3

Facts………………………………………………………………………………….………4

Argument……………………………………………………………………………………..5

    I.      Standard of Review………………………………………………….…5

    II.     The Complaint Fails To State A Cause Of Action…………………………..6

    III.    This Court Has No Personal Jurisdiction Over The Defendants…….……7

Conclusion……………………………………………………………………………………8

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ………………5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,167 L.Ed.2d 929 (2007)..6

*Chambers v. Time Warner, Inc.,* 282 F.3d 147 (2d Cir.2002)……………………………..7

*DiFolco v MSNBC Cable L.L.C.,* 622 F3d 104 [2d Cir 2010]………………………………7

*Faulkner v. Beer,* 463 F.3d 130 (2d Cir.2006)……………………………………………7

*Fresh Air for the Eastside, Inc. v Waste Mgt. of New York, L.L.C.*, 405 F Supp 3d 408, [WDNY 2019]…………………………………………………………………………………7

*Hayden v. County of Nassau,* 180 F.3d 42 (2d Cir.1999)…………………………………7

*Libertarian Party of Erie County v Cuomo*, 970 F3d 106[2d Cir 2020], <u>cert denied,</u> 141 S Ct 2797 [2021]……………………………………………………………………………..5

*Ocasio v City of Canandaigua*, 513 F Supp 3d 310, 319 [WDNY 2021] ………..………..6

*Sheppard v. Beerman*, 18 F.3d 147 (2d Cir. 1994)………………………………………..6

## FACTS

Plaintiff, Keenan Fisher, filed a Complaint [Docket 7] with the Western District of New York on January 20, 2023. The Complaint (which the Court refers to as Plaintiff's Amended Complaint), a motion to amend the Complaint and Plaintiff's request for appointment of an attorney were screened by Judge Charles J. Siragusa. The Judge issued a Screening Order on February 17, 2023 [Docket 8], in which it held that all causes of action in the Complaint were dismissed except for one cause of action for the alleged seizure of firearms outside the scope of a search warrant which was executed on January 27, 2022. The Court held that the Section 1983 Fourth Amendment seizure-beyond-the-scope-of-warrant claim could proceed to service against Bonham, Canino, Prusak and Turton.

Plaintiff filed Affidavits of Service of the Complaint with respect to defendants Bonham, Canino, Prusak and Turton which state that each of the named defendants was personally served. There were no exhibits attached to the Complaint. None of the Defendants were personally served with the Complaint in this action. Nor were the Defendants properly served by substitute service at their place of employment or residence. Nevertheless, each of the Defendants did eventually receive the Complaint and requested legal representation from the Office of the Attorney General.

The Complaint alleges that on January 27, 2022, the Defendants executed a search warrant at Fisher's residence and seized an RAK47-P-TSNY 7.62x39mm with Adidas stripes (AK47) and a Revelation Model 300F 20ga shotgun. It is undisputed that the weapons were seized. The Court was unable to determine, based on a review of the Complaint, whether they were seized under the plain view doctrine.

4

Submitted with this motion is the Declaration of Defendant Richard Canino in which he identifies the Search Warrant which was signed by Judge Healy Exhibit A and a copy of the list of items seized pursuant to the warrant Exhibit B. The warrant calls for the seizure of assault weapons and shotguns. The AK47 and Revelation Model shotgun were properly seized pursuant to the language of the warrant.

Defendants now move to dismiss the Complaint for failure to state a cause of action, lack of jurisdiction or, in the alternative, for an extension of time to more fully assert the jurisdictional defense. Defendant's counsel requested an extension of time to make this motion from Plaintiff via telephone call because she received the requests for representation on December 18, 2023, and was having difficulty making contact with her clients due to the holidays. Plaintiff refused the request stating that the defendants were "Nazis" who did not deserve an extension of time.

## ARGUMENT

### I. Standard of Review

The State moves to dismiss the entire Complaint because it fails to state a cause of action. "To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted)." *Libertarian Party of Erie County v Cuomo*, 970 F3d 106, 120 [2d Cir 2020], cert denied, 141 S Ct 2797 [2021]

"The Court's task is thus to determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiffs have stated a facially valid claim. *Sheppard v. Beerman*, 18

5

F.3d 147, 150 (2d Cir. 1994). In order to be found sufficient, a pleading must set forth sufficient facts to suggest that a cause of action is legally plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Ultimately, where a plaintiff has not "nudged their claim across the line from conceivable to plausible, their complaint must be dismissed." *Id.*"  *Ocasio v City of Canandaigua*, 513 F Supp 3d 310, 319 [WDNY 2021]

## II.     THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION

The question before this Court on a Motion To Dismiss is whether Plaintiff's Complaint contains sufficient facts to suggest a legally plausible cause of action. Fisher alleges that the defendants Canino, Bonham, Prusak and Turton seized two firearms from his residence that were beyond the scope of the Search Warrant signed by Judge Healy on January 26, 2022.   Were the seizures of the AK47 and the Revelation shotgun beyond the scope of the search warrant?  A careful review of the Complaint and the Search Warrant, which Plaintiff purportedly attached as **Exhibit R** to his Complaint, (See Exhibit A) reveals that the weapons are included in the warrant; therefore, the Defendants are entitled to a dismissal of the single cause of action against them.

It is proper, in this case, for the Court to consider and review the search warrant signed by Judge Healy January 26, 2023.   The search warrant is incorporated by reference in the Complaint and forms the basis for the claim against the remaining defendants. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by

6

reference in the complaint. *Chambers,* 282 F.3d at 153; *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999). …However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir.2006). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.*  DiFolco v MSNBC Cable L.L.C., 622 F3d 104, 111 [2d Cir 2010]   Citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002)) See also, *Fresh Air for the Eastside, Inc. v Waste Mgt. of New York, L.L.C.*, 405 F Supp 3d 408, 435 [WDNY 2019]

There is no plausible dispute regarding the authenticity or relevance of the search warrant and its' language is clear. The search warrant allowed law enforcement to search for "assault weapons" and "shotguns". The Ak 47 is an assault weapon and the Revelation is a shot gun. Thus, the firearms seized were included in the warrant and were not beyond the scope of the warrant. Accordingly, the cause of action for violation of Plaintiff's Fourth Amendment right must be dismissed.

### III.    THIS COURT HAS NO PERSONAL JURISDICTION OVER THE DEFENDANTS

None of the named Defendants were properly served with the Complaint in this action.  Accordingly, the Court does not have personal jurisdiction over the Defendants and this action must be dismissed.  Although former co-defendant Theresa Krenzer filed affidavits of service in which she asserts she personally served the defendants, none was personally served or properly served. Pursuant to FRCP Rule 4, Plaintiff must

serve the parties in accordance with New York State Law or by personal service pursuant to FRCP Rule 4 (e) or by some other method set forth in Rule 4.

"**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual personally;
   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *Fed Rules Civ Pro Rule 4*

Defendants hereby assert that they were not properly served pursuant to Rule 4.

To the extent Plaintiff asserts that Krenzer personally served the defendants, Defendants deny personal service was completed and assert their personal jurisdiction defense.

## CONCLUSION

Wherefore, Defendants Bonham, Canino, Prusak and Turton ask this Court to dismiss the Complaint in its entirely and for such other and further relief as the Court may deem just and fair.